UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JESSICA L. WEAVER<br>10619 Triggers Creek<br>San Antonio, Texas 78254<br><br>   Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:25-cv-01244<br>)<br>)<br>)<br>)<br>)<br>) |

## ADMINISTRATIVE PROCEDURES ACT COMPLAINT

### Introduction

This is an action asserting the Defendant, the United States, acting by and through its agency, the Department of the Air Force (USAF), violated the Administrative Procedures Act (APA) when its USAF Board for Correction of Military Records (AFBCMR) issued a final agency decision to deny the Plaintiff, Colonel (Col) Jessica Weaver, her ability to receive a military retirement. Col Weaver seeks correction of her military records to reflect that she is retirement eligible and will receive a pro rata military retirement at the conclusion of her devoted military service.

In 2012, health professions officers (including dental officers) of the Army, Navy, USAF, and Marine Corps were receiving pro rated retirements at the conclusion of their service, even if they did not reach 20 years of creditable service. This was because health professions officers were in high demand, and to attract their talent and experience, the military services commonly accessed these professionals at older ages with the understanding that they could not feasibly

reach 20 years of creditable service before they attained the age of 62, the age in which they are no longer permitted to continue serving (absent an exception).

However, in 2019, the Department of Defense (DoD) changed is interpretation of the statutory language of 10 U.S.C. § 1251, *Age 62: regular commissioned officers in grades below general and flag officer grades; exceptions*, concluding that military retirements were not permitted if an officer failed to attain a total of at least 20 years of creditable service. Effective through the 2021 National Defense Authorization Act, the DoD even went to the extent of having Congress amend the statute to reflect this interpretation, to indicate commissioned officers would be retired *or separated* on the first day of the month after they turned 62 years of age. Thus, with this shift, the DoD indicated it would stop permitting a pro rata retirement to health professions officers, including many (but not all) of those who commissioned into the military in reliance on Defendant's promise they would receive a pro rata retirement.

Plaintiff commissioned into the USAF in August 2012 with verbal and written assurances that she would be allowed a pro rata retirement based on the total number of years she served. Accordingly, she commissioned and entered the USAF at the age of 50. The exact authority within the USAF to confirm she would be entitled to a pro rata retirement, i.e., the Chief of the USAF Personnel Center Retirements and Separations Branch, assured Plaintiff she would be entitled to a retirement calculation and benefits, regardless of her Total Active Federal Military Service (TAFMS) upon reaching the age of 62. Consequently, Plaintiff closed her private dental practice to join the USAF. She began her career in the USAF on active duty on August 27, 2012.

After serving honorably and without a blemish through the duration of her career, it was on December 26, 2019, that the office of the Secretary of Defense for Personnel and Readiness issued a memorandum to the services directing the services to stop processing retirements under

10 U.S.C. § 1251 for officers with less than 20 years of service. After making attempts to get clarity over the impact to Col Weaver, to include through her Congressional representative, and recognizing the impact the memorandum may have on her, Plaintiff submitted a request for correction to the AFBCMR in November 2022. When her request for relief to secure her retirement benefits was denied, she then sought reconsideration in May 2024, providing additional information to show she never would have closed her business and commissioned with the USAF but for her ability to receive a pro rata retirement. Further, she provided evidence to show that the USAF had arbitrarily and capriciously made exceptions for a subset of officers who were affected by this new interpretation to receive their retirement benefits yet denied the same relief to her.

As alleged in detail below, Plaintiff asserts that the decision to deny her retirement benefits is arbitrary, capricious, without substantial evidence, and/or contrary to law. Accordingly, Plaintiff brings this APA claim, pursuant to 5 U.S.C. §§ 701, et seq., against the Defendant. Plaintiff seeks redress to receive her retirement benefits, along with all other available remedies as are just and appropriate, to include attorney's fees and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA).

## NATURE OF THE ACTION

1. This is an action pursuant to 5 U.S.C. §§ 701, et seq., the APA, to set aside the decision of Defendant to deny Plaintiff her entitlement to military retirement benefits.

## JURISDICTION AND VENUE

2. Jurisdiction vests with this Court based upon the Agency's final action to deny Col Weaver's requested relief through its AFBCMR decision, dated January 14, 2025. *See* 5 U.S.C. § 704; *see also* 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b)(1)-(2), because the USAF resides in and substantially conducts its affairs in this judicial district at its headquarters, the Pentagon.

4. In accordance with 28 U.S.C. § 2401, this action is timely brought within six years of the date the AFBCMR issued its final agency action to deny Plaintiff her requested relief.

## PARTIES

5. Plaintiff is a citizen of the United States. She entered active duty with the USAF in August 2012. She turned 62 in February 2024. Following approval of an age waiver, she is currently serving in the USAF with a mandatory separation date of February 28, 2026.

6. The Defendant is the United States, acting by and through the USAF, a United States government agency. This Complaint may interchangeably refer to the Defendant as the "USAF," the "United States," "Agency," or "Defendant."

## FACTUAL ALLEGATIONS

7. In 2012, the DoD interpreted 10 U.S.C. § 1251(a) to provide a general entitlement to members of the uniformed service to be retired from service on the first day of the month following the month in which the officer became 62 years of age.

8. However, despite no substantive change to that law since 2012, on December 26, 2019, James Stewart, the Assistant Secretary of Defense for Manpower and Reserve Affairs, Performing the Duties of the Under Secretary of Defense for Personnel and Readiness, issued a memorandum to the individual services entitled "Cessation of Mandatory Retirements for Age under Section 1251 of Title 10, United States Code, for Officers with Less than 20 Years of Service" (hereinafter the "Stewart Memo").

9. The Stewart Memo directed the services to "immediately stop processing all pending retirement actions under section 1251 of title 10, United States Code, for officers who have less than 20 years of active service."

10. The Stewart Memo further instructed the services to "ensure that potential officers are not recruited with assertions suggesting that they may be eligible for non-disability retirement with less than 20 years of service under section 1251."

11. The Stewart Memo was issued following a legal opinion dated November 6, 2019 from the DoD Office of General Counsel which concluded that the DoD was misinterpreting 10 U.S.C. § 1251 by allowing officers with less than 20 years of creditable service to receive military retirement benefits.

12. To align with the DoD's new interpretation of § 1251, the National Defense Authorization Act for Fiscal Year 2021 (NDAA 2021) amended 10 U.S.C. § 1251(a) to read that those officers who reach 62 years of age "shall be retired *or separated*." Italics added.

## PLAINTIFF'S ALLEGATIONS

13. Plaintiff has served honorably in the USAF from August 27, 2012 to present.

14. Plaintiff has a mandatory separation date of February 28, 2026.

15. From August 2012 to present, Plaintiff has honorably contributed to the military mission at several military installations and in several leadership positions.

16. After multiple promotions, Plaintiff presently holds the grade of Colonel ((Col) -- O-6) while serving in the USAF as a dental officer.

17. Prior to military service, Plaintiff was an experienced civilian dentist with over 20 years of experience in private practice.

18. Plaintiff was 50 years old when she was commissioned as an officer for the USAF in 2012.

19. In 2012, the USAF desperately needed experienced health professionals, including licensed and skilled dentists.

20. Thus, the USAF recruited Plaintiff to commission into military service in 2012.

21. Prior to her commission, Plaintiff sought assurances from the USAF that she would be eligible for military retirement benefits upon reaching the age of 62.

22. In an email dated June 8, 2012, the USAF Personnel Center (AFPC), by and through the Chief of Retirements and Separations and Officer Accessions, confirmed that Plaintiff would be entitled to a pro rata retirement after serving until she reached the age of 62.

23. In fact, beginning as early as 1987, the military services had been providing a prorated retirement to officers who reached age 62 and had not attained 20 years of creditable service.

24. AFPC confirmed Plaintiff would be entitled to a pro rata pension and full medical benefits, even though she would not reach 20 years of military service at the time she reached the age of 62.

25. AFPC promised Plaintiff that a military retirement would be given to her regardless of her TAFMS (her number of years of military service), pursuant to 10 U.S.C. § 1251.

26. Relying on these assurances, Plaintiff left her successful civilian dental practice and commissioned in the USAF Dental Corps at the age of 50.

27. In 2018, Plaintiff had the option to, but did not opt-in, to the Blended Retirement System (BRS).

28. The BRS existed to provide a matching program, similar to a 401k, that was beneficial to those who would not reach 20 years of service or be eligible for a regular military retirement.

29. Plaintiff did not opt-in to the BRS because she relied on the USAF's assurance that she would be eligible for a prorated regular retirement, thereby creating further prejudice and injustice to Plaintiff.

30. In December 2019, the Department of Defense ("DoD") issued the Stewart Memo.

31. The Stewart Memo directed the services to immediately stop processing all pending retirement actions under 10 U.S.C. § 1251 for officers with less than 20 years of service.

32. The Stewart Memo also prohibited the military services from commencing these retirement actions in the future, thereby barring Plaintiff's ability to retire upon reaching the age of 62.

33. Further, the Stewart Memo provided that officers must no longer be recruited with the promise they would receive retirement benefits if they did not attain 20 years of total creditable service.

34. This effective cutoff date prevented the situation of anyone further from coming into the military believing they would be eligible for a military retirement without feasibly being able to reach 20 years of creditable service due to reaching a maximum age.

35. Unsure of her status based on this new interpretation, Plaintiff submitted a congressional inquiry on February 16, 2022 seeking clarity for the pro rata retirement benefits she was promised.

36. In response, the USAF confirmed Plaintiff would not be eligible for retirement unless she completed 20 years of service, which directly contradicted the promises that induced her to commission and abandon her successful dental practice.

37. In November 2022, Plaintiff submitted an application to the AFBCMR seeking her records to be corrected to permit her retirement benefits upon the conclusion of her service.

38. In January 2024, the AFBCMR denied the requested relief, stating she was bound by a signed AFRS IMT 1430 form that contained a section reflecting Col Weaver's acknowledgment that she was ineligible for retirement if she did not reach 20 years of service.

39. Specifically, the AFBCMR determined that the AFPC and AFRS assurances that Plaintiff would be eligible to retire at the age of 62 was outweighed by the fact Plaintiff signed the AFRS IMT 1430 form.

40. Following that, Plaintiff submitted a reconsideration request to the AFBCMR, which reflected an affidavit from her recruiter showing that the AFRS IMT 1430 erroneously failed to strike the section pertaining to her needing to acquire 20 years of service, and that it was without doubt that had Plantiff and her recruiter not gone to the efforts of confirming with AFPC that she would be eligible to receive retirement benefits, she never would have commissioned.

41. In a decision letter dated January 14, 2025, the AFBCMR again denied Plaintiff's request for relief.

42. Plaintiff turned 62 in February 2024 and sought an exception to policy so she could continue serving.

43. Based on the waiver she received to grant that exception to policy, Plaintiff must now separate from military service on February 28, 2026.

44.     Plaintiff had no way of knowing the interpretation of the law would change when she relied on assurances from the military that she would be eligible for retirement at the age of 62.

45.     Despite the change in the interpretation of the law, the USAF arbitrarily and capriciously permitted other similarly situated officers to receive a military retirement, but denied Plaintiff the same.

## CAUSE OF ACTION

### (5 U.S.C. §§ 701, et seq.; 28 U.S.C. § 1331)

### Defendant Violated the APA

46.     Plaintiff re-alleges and incorporates by reference the allegations stated above as if fully set forth herein.

47.     Defendant's officials, acting within the scope of their authority, made express promises and representations that induced Plaintiff to enter military service.

48.     Plaintiff detrimentally relied on these promises, to her financial and professional detriment, and the USAF's denial of a military retirement creates an extraordinary injustice.

49.     Moreover, based on the obvious injustice created, all the military services, including the USAF, permitted others similarly affected by the DoD's reinterpretation of 10 U.S.C. § 1251 to retain retirement eligibility/benefits, but arbitrarily and capriciously denied Plaintiff the same.

50.     Pursuant to 10 U.S.C. § 1552, the AFBCMR has a duty to cure injustices and issue non-arbitrary decisions.

51. Thus, the USAF decision to refuse Plaintiff's military retirement while permitting other similarly situated officers to retain a military retirement is arbitrary, capricious, unsupported by substantial evidence, and/or contrary to law, in violation of 5 U.S.C. § 706.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant and award the following relief:

a. Set aside the AFBCMR decision to deny Plaintiff eligibility for retirement benefits and direct the AFBCMR to correct her records to reflect such pro rata retirement eligibility (including any such back pay or entitlements due, as may be applicable);

b. Award Plaintiff costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412), or through any other legally applicable means; and

c. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Patrick J. Hughes
PATRICK J. HUGHES
VSB # 91483
Patriots Law Group
Of Lyons & Hughes, P.C.
8253 Backlick Road, Suite M
Lorton, VA 22079
301-952-9000 (Telephone)
240-699-8108 (Facsimile)
patrickhughes@patriotslaw.com

Dated: July 28, 2025                           *Counsel for Plaintiff*